JAMES A. SAVILLE, JR.
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiffs

45 Broadway – Suite 1500
New York, New York 10006
(212) 669-0600

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5 24 ‎
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EKA NURI CONSORTIUM; PT FMC                   :
SANTANA PETROLEUM EQUIPMENT                       Index No.:
INDONESIA and BP BERAU LTD.;                  :   08 CV _____ ( )
                                                      6458 DAB
                    Plaintiffs,               :

    - Against -                               :
                                                  ORDER DIRECTING CLERK TO
YUDI GUNADI; PT BUNGA NUSA                    :   ISSUE PROCESS OF MARITIME
MAHAKAM and PT MUTIARA                            ATTACHMENT AND GARNISHMENT
SAMUDRA BIRU;                                 :

                    Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    Upon reading and filing the Verified Complaint of the Plaintiffs herein, verified on the 18th day of July, 2008, and the Affirmation of James A. Saville, Jr., sworn to on the 18TH day of July, 2008, that to the best of his information and belief Defendants YUDI GUNADI; PT BUNGA NUSA MAHAKAM and PT MUTIARA SAMUDRA BIRU cannot be found within this District for the purpose of an attachment under Supplemental Rule B(1), and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist;

    It is on this 23 day of July, 2008:

**O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendants as described therein, including but not limited to cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and sub-charter hire and/or other assets of, belonging to, due or being transferred from, to or for the benefit of the Defendants in the possession, custody or control of, or being wired/transferred through JPMorgan Chase Bank; Citibank N.A.; American Express Bank, Ltd; Bank of America; Bank of New York; Deutsche Bank; HSBC; BNP Paribas; Wachovia Bank; ABN Amro; Standard Chartered Bank; Bank of Communications; The Bank of East Asia; Bank of China; Shanghai Commercial Bank Ltd; Bank of India; and/or any other garnishee(s) on whom a copy of the Order of Attachment may be served, in the amount of $4,824,041.72 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further order of the Court; and it is further

**O R D E R E D** that any person claiming an interest in the property attached, garnished and arrested pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiffs shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further

**O R D E R E D** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by Court Order to effect service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made via facsimile or other verifiable electronic means, including but not limited to e-mail, to each garnishee so personally served; and it is further

**O R D E R E D** that pursuant to Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure each garnishee may consent, in writing, to accept service by any other means.

Dated: New York, New York

_____
UNITED STATES DISTRICT JUDGE